UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
19-CR-40-A

BRIDGETTE McCLAIN,

                Defendant.

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On December 9, 2019, Magistrate Judge Schroeder filed a Report, Recommendation and Order, Dkt. No. 35, recommending that motions by defendant McClain (1) to dismiss an Indictment charging her with witness retaliation in violation of 18 U.S.C. § 1513 and (2) to suppress cell phone subscriber records obtained without a search warrant be denied. The defendant filed objections to these recommendations, Dkt. No. 39, arguing primarily that an alleged threat to cause bodily injury in Count 1 of the Indictment is not a "true" threat, and was therefore free speech protected under the First Amendment, and that the United States' use of a subpoena to obtain the defendant's cell phone subscriber records, instead of use of a search warrant, violated her Fourth Amendment rights and requires suppression of the records.

      Pursuant to 28 U.S.C. §636(b)(1), the Court applies a *de novo* standard of review to the portions of a report and recommendation to which specific objections have been raised. Upon *de novo* review, and for the additional reasons that follow, the Court adopts the December 9, 2019 Report, Recommendation and Order and denies defendant McClain's motions to dismiss Count 1 of the Indictment and to suppress her cell phone subscriber records.

The Court assumes the parties' familiarity with the prior proceedings and the issues that are under review. The witness-retaliation offense in violation of 18 U.S.C. § 1513(b)(1) that is charged in Count 1 of the Indictment has the following three elements: (1) that defendant McClain engaged in conduct that threatened to cause bodily injury to an identified person; (2) that the defendant engaged in the conduct knowingly and with the intent to retaliate against the identified person for attendance as a witness and for testimony given in an official proceeding; and, (3) that the official proceeding was a federal proceeding. *See United States v. Draper*, 553 F.3d 174, 180 (2d Cir. 2009). Neither specific intent to carry out a threat of bodily injury nor specific intent to threaten bodily injury are an element. *Id.*

With that background, the threshold test for whether conduct that allegedly threatened to cause bodily injury was a "true" threat is an objective one that requires an assessment "whether an ordinary, reasonable recipient who is familiar with the context of the [defendant's conduct] would interpret it as a threat of injury." *United States v. Turner*, 720 F.3d 411, 420 (2d Cir. 2013) (quotations and citations omitted). Defendant McClain argues that Count 1 of the Indictment fails to allege a "true" threat as a matter of law, and should therefore be dismissed, because it does not allege that she acted with specific intent to threaten to cause bodily injury. *See* Dkt. No. 39, pp. 4-5 and Dkt. No. 41, pp. 2-4. But that argument disregards that the true-threat test is an objective one. *Turner*, 720 F.3d at 420. An alleged threat is assessed for First Amendment purposes from the perspective of a reasonable recipient of the communication who is familiar with its context. *Id.*

Here, the United States proffered that defendant McClain posted to social media a photograph of a witness with the word "SNITCH" superimposed over the face of the witness, and with the accompanying statement "This Bitch Took the stand on my cuz and told lies just for her to get 20 years kill all Rats[.]" The witness labeled as a "snitch" on social media is identified in the Indictment as "B.R."

At the time of the alleged retaliation by defendant McClain, B.R. was facing a mandatory-minimum sentence of 20 years imprisonment, up to a maximum of life

imprisonment, for distribution of fentanyl causing the death of another person in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On the day B.R.'s photograph was posted to social media, she had testified during the federal trial of Dontrell Wise, a person familiar to the defendant who was also charged with distributing fentanyl causing death.  B.R. testified that Wise distributed what B.R. believed to be heroin to B.R., and that B.R. then distributed that substance to the fatal-overdose victim.  It was the first of two days of testimony and cross-examination by B.R. during Wise's trial.  Because of a prior conviction, Wise faced a mandatory life sentence of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C).  And B.R. was the only witness expected to testify that Wise was the source of the fentanyl that B.R. distributed to the fatal-overdose victim.

The Court finds that by labeling B.R. a "snitch" who was seeking to benefit substantially from her trial testimony, and whose supposed "lies" exposed Dontrell Wise to a mandatory sentence of life imprisonment for distribution of fentanyl causing death, while also exhorting social media followers to "kill all Rats," defendant McClain expressed a "true" threat of bodily injury.  Regardless of any subjective purposes of the defendant's social media post, the post objectively threatens and incites violent retribution against B.R.

It remains for the trial jury ultimately to determine whether defendant McClain knowingly engaged in conduct that threatened to cause B.R. to suffer bodily injury.  *See United States v. Turner*, 720 F.3d 411, 419 (2d Cir. 2013) ("In general, 'whether a given writing constitutes a threat is an issue of fact for the trial jury'")(quoting *United States v. Davila*, 461 F.3d 298, 304 (2d Cir. 2006)).  But because an ordinary, reasonable recipient of the defendant's social media post who was familiar with the context would interpret the post as a threat of bodily injury, the defendant's motion to dismiss Count I of the Indictment on the ground that it does not allege a "true" threat is denied.

The Court has considered all of defendant McClain's other objections and arguments and finds them to be without merit.  Accordingly, the Court adopts the

December 9, 2019 Report, Recommendation and Order, Dkt. No. 35, and the defendant's motions to dismiss and to suppress, Dkt. No.19, are denied.

Counsel for the parties shall confer and shall file a motion on or before March 31, 2020, requesting either that the Court set a date for trial or grant a brief adjournment for the parties to exhaust any change-of-plea negotiations. If moving for a trial date, the parties should advise the Court approximately how long the trial is expected to last. If seeking an adjournment, the parties shall provide the Court with enough facts to permit the Court to assess whether the interests of justice warrant a Speedy Trial Act exclusion of time under 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED.**

      *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: March 30, 2020